(88 South. 694)

No. 24221.

### GLADNEY v. STEINAU.

(April 4, 1921. Rehearing Denied May 30, 1921.)

*(Syllabus by Editorial Staff:)*

1. **Landlord and tenant** ⬤⟹76(3) — **Landlord may not revoke consent to sublease.**

Where an oral agreement of lease was entered into under which either party agreed to sign a written lease if the other party should demand it. landlord was not at liberty, after having consented .that tenant might sublet a part of the premises, to recede from her agreement by demanding that tenant should sign a contract containing a stipulation denying his right to sublet a part of the premises without the consent of the landlord.

2. **Landlord and tenant**· ⬤⟹75(1)—**Tenant given authority to sublet part of store entitled to construct temporary partition.**

Slight alteration in the arrangements of a storeroom, consisting of a temporary partition and removal of a glass door behind the show window, *held* incidental to the right given tenant by landlord to sublet a part.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by Ella Gladney against H. G. Steinau. Decree for plaintiff, and defendant appeals. Decree annulled, and suit dismissed.

Blanchard, Goldstein & Walker, of Shreveport, for appellant.

L. K. Watkins, of Minden, and Morelock & Seals, of Homer, for appellee. ·

O'NIELL, J. In 1918, defendant leased a store from Dr. A. D. Gladney, in the Town of Homer. Dr. Gladney died and his widow acquired title to the property. Defendant notified Mrs. Gladney that he would not renew the lease at the end of the year. At the beginning of the year 1919, however, there was a prospect for the development of a large oil field, which in fact did develop in the early part of that year, near the town of Homer. Defendant therefore entered into an agreement with Mrs. Gladney to lease the building for three years, at $125 per month, commencing on the 1st of March, 1919, with the privilege of extending the lease two years longer if the parties could agree upon the rental for the additional two years. Defendant had been paying $75 a month for the building under his previous lease, and it was agreed that he should pay the same rent for the months of January and February, 1919; which he did pay. The new lease was not reduced to writing, but it was agreed that a written lease would be signed by both parties if either party should demand it. The building had been used as a dry goods store, and the new lease was made for the same purpose. After the agreement had been made verbally, and before either party had asked that it be reduced to writing, defendant obtained the consent of Mrs. Gladney to his subletting a part of the space to an oil well supply company; and, for that purpose, defendant had constructed a temporary partition in the building, on one side of which the supply

company's stock of material was stored. For the purpose of letting more light into the store, defendant or the supply company also removed the sash or glass door from the rear of one of the show windows.

On the 17th of June, 1919, Mrs. Gladney's attorney prepared a written contract of lease, and, several weeks thereafter, requested the lessee to sign it. The contract contained a stipulation that the building should be occupied as a dry goods store, and used as it was then being used, that no alterations or changes should be made without the written consent of both parties, and that no part of the building should be sublet without Mrs. Gladney's consent being previously obtained. Defendant called upon Mrs. Gladney with the view of signing the contract, but it appears that he desired that it should be understood that the stipulations regarding alterations and subletting of a part of the building should not have the effect of abrogating the consent which Mrs. Gladney had given to the subletting of a part of the space to the oil well supply company. In that respect, the stipulations of the proposed contract were not in accord with the verbal agreement of the parties, and, for that reason, defendant was unwilling to sign the contract. In the meantime he had paid rent for three months, at $125 a month, which had been accepted by Mrs. Gladney without protest or complaint. It was not disputed that Mrs. Gladney had consented to the subletting of a part of the premises to the oil well supply company, although she had not expressly consented to the construction of the temporary partition in the building, or the taking out of the door behind the show window.

This suit was brought, primarily, to have it decreed that defendant had no contract of lease, and, in the alternative, for a decree annulling the contract, on the ground that, if there was a contract of lease, the subletting of a part of the premises and the construction of the partition and removal of the door behind the show window were violations of the contract. The court rendered judgment ordering defendant to remove the partition wall from the building and to replace the glass door in the rear of the show window. In all other respects the demands of the plaintiff were rejected. Defendant has appealed, and plaintiff, answering the appeal, prays for judgment in accordance with her original petition.

[1] In support of her contention that there was no contract of lease, plaintiff relies upon the decision in Laroussini v. Werlein, 52 La. Ann. 424, 27 South. 89, 78 Am. St. Rep. 350. That decision is to the effect that, if there be only a verbal agreement to enter into a written contract of lease, the contract is not complete until the written instrument has been signed by both parties. In the case before us, it was not absolutely agreed or understood that the verbal contract of lease should be reduced to writing. The agreement in that respect was merely that either party would sign a written lease if the other party should demand it. After having consented that defendant might sublet a part of the premises, plaintiff was not at liberty to recede from her agreement by demanding that defendant should sign a contract containing a stipulation denying his right to sublet a part of the premises without the consent of the lessor. Our opinion is that the verbal contract of lease was binding so long as defendant did not refuse to sign a written contract in accord with the verbal agreement.

[2] It does not appear that the construction of the temporary partition in the store, or the taking down of the glass door behind the show window, defaced the premises in any way. These slight alterations in the arrangement of the premises were only incidents of the right given to defendant to sublet a part of the building. We see no good reason why defendant should be required to

remove the partition or replace the door behind the show window at this time, or until the termination of the lease.

The decree ordering defendant to remove the partition wall and to replace the door behind the show window in the leased premises is annulled, and plaintiff's demands are rejected and her suit is dismissed at her cost.